UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIONE SIAOSI OTUAFI, SR., | Case No. CV 18-9283-SVW (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| DEPUTY VEGA, ET AL., | |
| Defendant(s). | |

## I.

## **INTRODUCTION**

Sione Siaosi Otuafi, Sr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Deputy Vega, Sergeant John Doe #1, and Deputies John Doe #2 through #6 in their individual and official capacities ("Defendants"). Plaintiff alleges Defendants violated the Eighth and Fourteenth Amendments as well as various state laws. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

///

///

///

## II.

## **PROCEDURAL HISTORY**

On October 23, 2018, Plaintiff, who currently resides at Atascadero State Hospital, constructively filed[1] a Complaint pursuant to Section 1983 against Defendants in their official and individual capacities. ECF Docket No. ("Dkt.") 1. Plaintiff alleges Defendants, who were correctional officers at Los Angeles County Jail "Annex Terminal", violated his Eighth Amendment rights through excessive force and deliberate indifference and his Fourteenth Amendment substantive due process rights.[2] Id. at 6. Plaintiff also alleges claims for "intentional negligence," negligence, intentional infliction of emotional distress, and "abuse of a mentally ill person". Id.

Plaintiff alleges on August 4, 2017 he was in his cell in Los Angeles County Jail "Annex Terminal" when defendant Deputy Vega ordered him to "cuff up." Id. at 6. Plaintiff refused, and defendant Deputy Vega called for backup and a cell extraction. Defendants Deputies Doe #2 through #6 arrived at Plaintiff's cell. Defendant Deputy Doe #2 sprayed pepper spray into Plaintiff's cell, but Plaintiff still refused to cuff up. Id. at 7. Defendant Sergeant Doe #1 then ordered a cell extraction. Id. When the cell door opened, defendants Deputies Doe #2 through #6 slammed Plaintiff to the floor, tasered Plaintiff twice, and hit Plaintiff with their fists. Id. Defendant Deputy Doe #2 "used his forearm to hit Plaintiff['s] head, forcing

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Plaintiff is unaware of the true names of the Doe defendants, Plaintiff will be given the opportunity to discover the names of the Doe defendants after he files a complaint curing the deficiencies identified below. Plaintiff is cautioned that, if he is unable to timely identify the Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

2

Plaintiff['s] face to hit the concrete floor." Id. Plaintiff's two lower front teeth were knocked out and Plaintiff passed out from the pain. Id. Plaintiff alleges the whole incident was recorded by defendant Deputy Vega.[3] Id. at 8.

Plaintiff seeks compensatory and nominal damages. Id. at 9.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the

---

[3] The Court notes it appears from Plaintiff's allegations that it was the Doe defendants who used force against Plaintiff during the cell extraction and defendant Deputy Vega was a bystander recording the incident. While defendant Deputy Vega's involvement may be sufficient to state a Section 1983 claim against him, in an amended complaint, Plaintiff should set forth any additional facts he can regarding defendant Deputy Vega's personal involvement in the use of force incident. See Boyd v. Benton County, 374 F.3d 773, 781 (9th Cir. 2004) (holding officers who are "integral participants" in a constitutional violation are potentially liable under Section 1983, even if they did not directly engage in the unconstitutional conduct themselves); see also Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) ("Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.").

material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

# IV.

# DISCUSSION

## A. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

### 1. Applicable Law

An "official-capacity" suit is treated as a suit against the entity. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Therefore, to state a Section 1983 claim against a county government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992); see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

### 2. Analysis

Here, Plaintiff fails to state a Section 1983 claim against Defendants, Los Angeles County Sheriff's Department employees, in their official capacity because Plaintiff does not allege facts showing Los Angeles County had a "policy or custom" that was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166; Gillette, 979 F.2d at 1346. In fact, Plaintiff appears to allege a "random act[] or [an] isolated event[]" in which Defendants pepper sprayed and smashed his face into

the floor during a cell extraction. See Thompson, 885 F.2d at 1444. Ultimately, Plaintiff fails to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Accordingly, Plaintiff's Section 1983 claim against Defendants in their official capacity is subject to dismissal.

**B. THE COMPLAINT FAILS TO STATE A SUBSTANTIVE DUE PROCESS CLAIM AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITY**

**1. Applicable Law**

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of life, liberty, or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." United States v. Salerno, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); U.S. Const. amend. XIV, § 1. "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998); Jeffries v. Turkey Run Consol. Sch. Dist., 492 F.2d 1, 4 (7th Cir. 1974) ("[T]he absence of any claim by the plaintiff that an interest in liberty or property has been impaired is a fatal defect in her substantive due process argument.").

However, the Due Process Clause of the Fourteenth Amendment affords a prisoner alleging excessive force and deliberate indifference "no greater protection than does the Cruel and Unusual Punishments Clause" of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 327, 106 S. Ct. 1078, 1088, 89 L. Ed. 2d 251 (1986)

**2. Analysis**

Here, Plaintiff fails to state a separate Section 1983 claim predicated on the violation of his substantive due process rights under the Fourteenth Amendment's Due Process Clause. Plaintiff's substantive due process claim is based on essentially

6

the same conduct that is the predicate for the excessive force and deliberate indifference claim, which arises under the Eighth Amendment. Accordingly, Plaintiff's claim is subject to analysis under Eighth Amendment principles, rather than under the Fourteenth Amendment. See Whitley, 475 U.S. at 327. Hence, Plaintiff's substantive due process claim is superfluous and must be dismissed.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a signed First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding**

**complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: December 13, 2018

*/s/ Kenly Kato*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge